JOHN A. CREIGHTON V. SAMUEL FINLAYSON ET AL.

FILED NOVEMBER 19, 1895.   No. 5559.

1. **Principal and Agent.** The apparent authority of an agent which will bind his principal is such authority as the agent appears to have by reason of the actual authority which he has. (*Oberne v. Burke,* 30 Neb., 581.)

2. **Counter-Claim: REMITTITUR.** Evidence examined, and *held* to sustain the finding of the jury, that the contract made the basis of the defendant's counter-claim was made with defendant by plaintiff's agent, and that the making of such contract was within the scope of the agent's authority.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*McCoy & Olmsted,* for plaintiff in error.

*George F. Wittum, contra.*

RAGAN, C.

John A. Creighton sued Samuel Finlayson and his partner in the district court of Douglas county to recover $45.85, which he alleged was due him from the defendants for rent of room 13, in what is called the " Creighton Block," in the city of Omaha, from the 28th of April to the 23d day of June, 1888. Finlayson pleaded a counter-claim of $74 and had a verdict and judgment, to reverse which Creighton has prosecuted to this court a petition in error.

1. The first assignment of error is that the verdict is not supported by sufficient evidence. It was admitted on the trial that Finlayson was indebted to Creighton for rent in the sum of $45.85, and the only issue litigated related to Finlayson's counter-claim. The testimony tended to show, in behalf of Finlayson, that he and his partner had

been tenants of Creighton in said room 13 since the spring of the year 1885; that they were job printers and had in said room, during their occupancy of it, printing presses and .printing material; that in the month of May, 1888, Creighton, by his agent, one Daugherty, wrote them a letter, stating that Creighton had been advised that the fire insurance companies had agreed to increase the risks of insurance more than 100 per cent on buildings, or property in buildings, in which were located printing establishments, and requesting Finlayson and his partner to secure other premises; that at divers times between that date and the 18th of June conversations and negotiations took place between Finlayson and Creighton, through his agent Daugherty, in reference to Finlayson moving out of the leased premises; and that, on the 18th of June, Daugherty agreed with Finlayson that if the partners would remove at once from the Creighton property, Creighton would pay the necessary expenses incurred in removing; that they did move out on the 23d of June; that the expenses necessarily incurred in moving were $74. The evidence on behalf of Creighton traversed the foregoing, but the evidence is sufficient to sustain the finding of the jury, that Creighton, through his agent, agreed with Finlayson that if he would move out of the leased premises, Creighton would pay the necessary expense of the removal, and the evidence is sufficient to sustain the finding of the jury that the necessary expenses of said removal were $74. It is insisted, however, by the plaintiff in error that if this contract was made, it lacked consideration. We do not think so. Looking at the situation of the parties, as disclosed by the evidence, if Creighton promised to pay the expense of the removal if Finlayson would at once remove and he did so, it certainly cannot be successfully urged that the contract lacked consideration to support it. Another argument is that the evidence does not show that Finlayson complied with his contract. The testimony is,

that Creighton's agent said, "If you will move right out, move right away," etc. It is now argued that Finlayson did not comply with the contract and move right away, but postponed his removal from May to the 23d day of June, but this argument assumes that the contract was made in May, whereas the evidence tends to show that it was made on the 18th of June, and that Finlayson at once looked up another location and began packing his printing material and preparing to remove, and finally vacated the premises on the 23d of June. Again, it is insisted that the evidence does not support the finding of the jury, that Daugherty, as Creighton's agent, was invested with authority to make the contract made the basis of Finlayson's counter-claim. It appears from the testimony offered in behalf of Creighton that Daugherty was his agent for the leasing and managing and collecting of the rents of his property. Whether the making of such a contract as the one pleaded by Finlayson was within the scope of his authority, was made a question of fact for the jury and properly submitted to them under the instructions of the court. We cannot say, as a matter of law, that Daugherty's agreement to pay Finlayson the costs of removing from the premises was beyond the scope of his authority as Creighton's agent, when we consider the facts and circumstances in evidence in the case. The apparent authority of an agent which will bind a principal is such authority as an agent appears to have by reason of the actual authority which he has. (*Oberne v. Burke*, 30 Neb., 581; *Johnston v. Milwaukee & Wyoming Investment Co.*, 46 Neb., 480.) Daugherty had the authority to lease the premises of Creighton, to collect the rents, and look after the management and property generally. This was his actual authority, and we think the evidence sufficient to sustain the finding of the jury, that in making the contract with Finlayson he did not go beyond the scope of his agency.

2. The second assignment of error is that the court erred in giving to the jury on its own motion the following instruction: "In this case the defendants claim in their answer by way of counter-claim that the plaintiff agreed with them, in consideration of their moving from said premises, to compensate them for the expense of moving; and that the evidence shows that such expenses amounted to about $70 or $75." The criticism made upon this instruction is that by it the court expressed his opinion to the jury that the evidence showed that the necessary expense of Finlayson's removal was $70 or $75. There is no merit whatever in this criticism. The court told the jury what the defendants claimed in their answer by way of counter-claim, and that the defendants claimed that the evidence showed that the expense of removal was $70 or $75.

3. The third argument relied upon for reversal of the judgment is that the verdict is excessive. The jury found a verdict in favor of Finlayson for $40. The court required a remittitur of $4.02, and thereupon rendered judgment against Creighton for $35.98. Under the pleadings and the admitted evidence Creighton was entitled to be credited with rent $45.85; interest upon this sum at seven per cent per annum from the 28th of April, 1888, to the 21st of September, 1891, that being the first day of the term of court at which the judgment was rendered, $10.95 nearly, or a total of $56.80. The amount of counter-claim pleaded by Finlayson was $74. If the jury found that the expense of removal was $74, he was entitled to interest on this at seven per cent per annum from the 18th of June, 1888, to the first day of the term of court, or $16.85, making a total of $90.85. The difference between $90.85 and $56.80 should have been the verdict of the jury, or $34.05. The judgment, as already stated, was $35.98, or $1.93 too much under the evidence. Finlayson will have permission to remit from the judgment $1.93 within twenty days, and in case of his doing so, the judg-

ment of the district court will be affirmed; and in case of his failure to do so, the judgment will be reversed.

JUDGMENT ACCORDINGLY.