LAURA A. GILBERT, APPELLANT, v. CATHERINE A. GARBER
ET AL., APPELLEES.

FILED JULY 10, 1901. No. 10,218.

Commissioner's opinion, Department No. 2.

1. **Power of Collecting Agent Limited to Receipt of Money.** The
power of a collecting agent, by the general law, is limited to
the receiving for the debt of his principal that which the law
declares to be a legal tender, or which is by common consent
considered and treated as money and passes as such at par.

2. **Where Debtor Pays to Person Not Owner and Not in Possession
of Note, the Burden is Upon Him to Show Payee's Authority.**
One who makes payment to a second person, not the owner
of the note and not in possession of it, of money to be applied
in payment of the debt thereby evidenced, assumes the burden
of proving that the party to whom payment was made was
empowered to collect the money. *Richards v. Waller*, 49 Nebr.,
639, followed.

3. **Receipt of Interest Payments Not of Itself Sufficient to Establish
Authority.** A course of dealing by which a loan company has
received and receipted for interest payments on a negotiable
promissory note from the mortgagor or his assigns will not
of itself be sufficient proof of its agency to receive and receipt
for the payment of the principal of said note when said note
is in the hands of an innocent person, for value, before ma-
turity.

4. **Evidence Insufficient.** Evidence examined, and *held* not sufficient
to show an agency for the collection of a negotiable promissory
note.

APPEAL from the district court for Webster county.
Heard below before BEALL, J. *Reversed.*

*James McNeny*, for appellant.

*J. S. Gilham, Lorenzo W. Billingsley, Robert J. Greene,
R. H. Hagelin* and *A. H. Kidd*, contra.

OLDHAM, C.

This was an action to foreclose a real estate mortgage
instituted by the appellant, herein styled the plaintiff, in
the district court for Webster county, Nebraska. This

mortgage was given on lands in said county by the defend-
ants, Catherine A. Garber and Joseph Garber, her hus-
band, to secure the payment of a coupon note executed
and delivered to James H. Tallman, of the firm of Moore
& Co., of Hartford, Connecticut, which note was trans-
ferred before maturity for a valuable consideration, in
the ordinary course of business, by James H. Tallman to
the plaintiff herein. This loan had been negotiated
through the agency of the Nebraska & Kansas Farm Loan
Company of Red Cloud, Nebraska. As the interest cou-
pons fell due the defendants would pay the amount due
thereon to the Nebraska & Kansas Farm Loan Company
at Red Cloud, Nebraska, and it would forward the same to
the firm of Moore & Co., at Hartford, Connecticut, and
that firm would pay the same to the holder of the note and
the coupons would then be returned through the Ne-
braska & Kansas Farm Loan Company to the defendants.
When the principal note became due the defendants Gar-
ber executed a new mortgage on the lands in controversy
to secure a new note and coupons payable to the Nebraska
& Kansas Farm Loan Company. The new note so exe-
cuted was sold and transferred by said company to one
Samuel Slocum, who was made a party defendant in this
cause of action and filed an answer and cross-petition.
The defendants Garber answered, admitting the execu-
tion of the note and mortgage and pleading payment of
the full amount due thereon to the Nebraska & Kansas
Farm Loan Company, which they allege was the duly au-
thorized agent of Moore & Co. and of the plaintiff to re-
ceive such payment. At the trial below the cross-petition
óf Slocum was continued, and judgment was rendered for
the defendants Garber and against the plaintiff, and
plaintiff appeals.

Plaintiff contends that there was no evidence introduced
below tending to show the agency of the Nebraska & Kan-
sas Farm Loan Company to collect for the plaintiff the
principal sum of the note in controversy, and certainly
none in any way tending to show any authority to accept
34

a new loan in renewal of the old one. It is a well established rule of this court that a course of dealing by which even the mortgagee and payee of a negotiable promissory note has received and receipted for the interest payments on such note from the mortgagor or his assigns will not of itself be sufficient proof of his agency to receive and receipt for the principal of said note, when such note is in the hands of an innocent purchaser, for value, before maturity. *Eggert v. Beyer*, 43 Nebr., 711; *Stark v. Olsen*, 44 Nebr., 646; *Bull v. Mitchell*, 47 Nebr., 647. And if this kind of a course of dealing will not of itself prove an agency in a party named as payee in the note, much less would a similar course of dealing, by a stranger to the note, tend to prove such agency. We have looked carefully through the evidence preserved in the bill of exceptions in this case to see if there was anything proved beyond the course of dealing already set out in this opinion, tending to show any agency on the part of the Nebraska & Kansas Farm Loan Company to act for this plaintiff either in the collection of the principal sum of the note or in procuring a renewal of such note, and after a careful research we are unable to discover anything. Nor can we find anything in the record that tends to establish any relation, by any course of dealing between the plaintiff and the Nebraska & Kansas Farm Loan Company, that could give the latter the reasonable appearance of having been clothed with the authority of an ostensible agent by the plaintiff to perform such act. This court has held in the well-considered case of *Moore v. Pollock*, 50 Nebr., 900, "that the power of a collecting agent by the general law is limited to receiving for the debt of his principal, that which the law declares to be a legal tender, or which is by common consent considered and treated as money, and passes as such at par, is established by all the authorities." Now if we should be inclined to hold that the collecting of the interest on the principal debt and the remitting of same to the plaintiff by the Nebraska & Kansas Farm Loan Company did at least tend to show an osten-

sible agency for that purpose, still under the doctrine just announced the only agency that it could tend to show would be one to receive the payment of this debt in legal tender currency, and not an agency to extend the loan.

Defendants rely on the cases of *Phœnix Ins. Co. v. Walter*, 51 Nebr., 182, and *Thomson v. Shelton*, 49 Nebr., 644, as tending to support the judgment of the trial court in this case. The case of *Phœnix Ins. Co. v. Walter, supra,* is in some respects similar to the case at bar. In that case the note and mortgage were executed through the same instrumentalities as the one in the case at bar. The difference in the facts, however, which clearly distinguishes that case from this one is that the Phœnix Insurance Company, which was the holder of the note, had a course of dealing with the Nebraska & Kansas Farm Loan Company in which that company had acted as its collecting agent; while in this case no such course of dealing was ever shown to have existed between the plaintiff and that company; and while, in the case just cited, the loan was renewed, yet the renewal loan was sold and transferred by the Nebraska & Kansas Farm Loan Company and the proceeds thereof placed to the credit of the insurance company on their books, and the collecting agent of the insurance company was notified by the loan company of this collection, and a part of this collection appears to have been paid to the insurance company. Now in the case at bar there is no proof at all that one cent of the money received for the sale of the new note given to the loan company was ever credited to Moore & Co. or to this plaintiff, or that either of them was ever notified, either that the loan had been extended and a new note and mortgage taken, or that such new note had been sold or anything received from the sale thereof. In fact, the evidence shows that the plaintiff never had any knowledge of the existence of the Nebraska & Kansas Farm Loan Company, or any dealing of any kind whatever with it, so far as she knew. The case of *Thomson v. Shelton, supra,* differs from the case at bar in this, that the loan was paid in money to the mortgagee and payee of

the note; and in that case a course of dealing was shown between the mortgagee and the holder of the note which the court held was sufficient to show an ostensible authority on the part of the mortgagee to collect the note for the holder. To bring this case within that rule the payment should have been made in money to James H. Tallman and a course of dealing shown between Tallman, or his firm, with the plaintiff that would cause a prudent man to believe that Tallman had been authorized to make the collection for the plaintiff.

This case seems to stand on all fours, so far as the facts are concerned, with the case of *Richards v. Waller,* 49 Nebr., 639, in which it is said: "Where payment of a negotiable note secured by mortgage was made to an investment company and such payment was never forwarded to the party to whom such note had been transferred, held, that the mere fact that antecedent payments of interest made in like manner had been made to be forwarded to the transferee of such note, and had been so forwarded, did not bind the holder of the note as to the final payment not forwarded, it being shown by the evidence that such holder had never in any way held out or recognized the investment company as her agent."

It follows from the above course of reasoning that the judgment of the district court is not founded on sufficient evidence to show the agency of the Nebraska & Kansas Farm Loan Company in taking a new loan from the defendants in payment of the plaintiff's claim, but as there has been no hearing in the court below on the answer and cross-petition of defendant Slocum, it is recommended that the judgment of the district court be reversed, with directions to the lower court to enter a judgment in favor of the plaintiff on her note and mortgage as prayed for in her petition.

SEDGWICK and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed, with

directions to the lower court to enter a judgment in favor of the plaintiff on her note and mortgage as prayed for in her petition.

REVERSED.

December 4, 1901.   Reversal modified.   Case reversed generally.