NORTHERN COUNTIES INVESTMENT TRUST, APPELLANT, V. ELIZABETH EDGAR ET AL., APPELLEES.[*]

FILED JULY 1, 1902. No. 11,045.

Stare Decisis. *Garnett v. Meyers,* decided at the present session, upon a similar state of facts, is followed, and the decree herein reversed and the cause remanded, with direction to enter a decree of foreclosure as prayed.

APPEAL from the district court for Hamilton county. Heard below before BATES, J. *Reversed.*

*Flansburg & Williams,* for appellant.

*Hainer & Smith* and *J. W. Sparks, contra.*

SEDGWICK, J.

This was an action to foreclose a mortgage upon real estate. There was a decree in the court below for defendants and plaintiff appeals.

The defendants gave to the Globe Investment Company, a Massachusetts corporation, doing a business at Boston, their promissory note, secured by this mortgage. The investment company immediately sold the note and mortgage to an English company, having its place of business at Manchester, England, and a few days later this company sold the note to the plaintiff, which is also an

Rehearing allowed. Judgment below affirmed. See opinion, page 303, *post.*

English corporation. The note was negotiable in form, and was regularly indorsed and delivered to the plaintiff. There is no question that the plaintiff was a bona-fide purchaser of the note for full value in the regular course of business. The original payee of the note, upon selling the same, indorsed its guaranty of payment thereon, and the place of payment was by the terms of the note at the office of the payee in Boston. As the interest, coupons became due from time to time the plaintiff sent them for collection, to the place of payment designated therein, and the guarantor, as above stated, paid the same, and then forwarded them to its western agent for collection, who obtained payment from the makers. When the principal note became due, there was an agreement made between the original payee and the maker, extending the time of payment for one year, but this was without the knowledge of the plaintiff herein. At the expiration of the time of the extension the maker of the note paid to the original payee the full amount of the principal and interest of the debt. The original payee was then insolvent, and the plaintiff never received the money, but the mortgagors were ignorant of these facts until afterwards. No assignment of the mortgage was put upon record, and the mortgagor acted in perfect good faith, without any notice that the original payee was not at all times the owner of the paper. On the other hand, the plaintiff also acted in good faith, kept the note in its own possession from the time of the purchase of the same, forwarded the coupons and the principal note to the place of payment named therein, as above stated, for payment, and did not authorize the payee to act for it in any respect, or in any way countenance any pretensions of the payee that it owned the note or had any right to act for the plaintiff in connection therewith. The question is, which of the two innocent parties must suffer the loss caused by default of the original payee. The facts are substantially the same as in the case of *Garnett v. Meyers, ante,* page 280. The defendant having paid his money to one who did not and could not

produce the note, and having failed to show that the party to whom he paid it was the owner thereof, or was authorized by the owner to receive payment, and defendant not having been misled by any act of the plaintiff to suppose that such a payment was authorized, can not now defend against the true owner of the note, an innocent purchaser in the usual course of business. The decree of the district court is therefore reversed and the cause remanded, with direction to enter a decree of foreclosure as prayed in the petition.

REVERSED AND REMANDED.

The following opinion was filed on rehearing October 7, 1903:

SEDGWICK, J.

A rehearing was allowed in this case in view of the conclusion reached in the recent hearing in *Garnett v. Meyers, ante,* page 287. The obligations sued upon are identical in their provisions with those involved in *Garnett v. Meyers* and in *Consterdine v. Moore, ante,* page 296.

For the reasons there given the judgment heretofore rendered in this cause is vacated and the decree of the lower court is

AFFIRMED.