Davis, J.
The circuit court reversed the judgment of the court of common pleas upon the ground, as stated in the journal entry, that the words, “Principal and interest payable at the office of F. P. Hood, No. 5 East Federal street,” contained in the note, “made said F. P. Flood agent of the plaintiff below to collect the money named and made payable upon said note, notwithstanding said Frank P. Hood did not have possession of said note and mortgage.” This has very much the appearance of an invitation to reverse, inasmuch as the controlling questions now presented have been decided and reported .at least twice, in the lower courts of this state (Hitchcock v. Kelley, 18 O. C. C., 808; Antioch College v. Carroll, 25 W. L. B., 289), and this judgment of the circuit court is distinctly contrary to an array of authorities so uniform, direct and abundant, that we shall not even attempt to enumerate all of them. Reference to many of the cases will be found in the places cited below. Daniel on Negotiable Instruments, *6 Sec. 326; 7 Cyc., 1035, art. Commercial Paper, by Randolph, and notes 80 and 81; 1 Am. & Eng. Ency. Law (2d ed.), 1026; 22 Ibid, 520, 521, n. 7; Kohl v. Beach, 107 Wis., 409, 414-415. The principle on which these cases have been decided was stated in Lord Holt’s time in Whitlock v. Waltham, 1 Salk., 157, as follows: “If the scrivener be entrusted with the custody of the bond, he may receive the interest; and though he fails, yet the mortgagee shall bear the loss. * * * So it is also in such case if he receive the principal and deliver up the bond; for, being entrusted with the security itself, it shall be presumed that he is entrusted with a power over it, and with a power to receive the principal and interest; and the rather because the giving up of the bond upon payment of the money is a discharge thereof; otherwise if the obligee take away the bond, for then he hath no power to receive the money.” Modern cases have gone farther than this and have held that even the possession of negotiable securities, unindorsed, is not conclusive evidence of authority to receive payment. Mechem on Agency, Sec. 373; Doubleday v. Kress, 50 N. Y., 410. The burden, therefore, rests on the party making payment to show that the one receiving payment was authorized. This is particularly so if, in the meantime, as in this case, the note has passed into the hands of a bona fide indorsee before maturity. The contract of the maker is to pay to the payee or his order. By the terms of his contract he is bound to take notice of the fact that his obligation is liable to turn up in the hands of another party at maturity. The mere designation of the place at which payment shall be made does *7 not of itself alter the obligation of the maker as to the person to whom, or through whom, payment shall be made. He is still bound to see for himself that payment is made to the legal holder, whether he be the original payee or an indorsee, or to his authorized agent. He can not safely pay to any person at the designated place who, in the absence of the securities properly indorsed, can not show authority to receive payment for the party entitled to the money. Doubleday v. Kress, 50 N. Y., 410; Williams v. Walker, 2 Sandf. Ch. R., 325; Cowing v. Cloud, 16 Colo. App., 326; Richards v. Waller, 49 Neb., 639; Gilbert v. Garber, 62 Neb., 464; Hollinshead v. Stuart & Co., 8 N. Dak., 35; Stolzman v. Wyman, Ibid, 108; Corey v. Hunter, 10 N. Dak., 5; Adams v. Hackensack Improvement Commission, 44 N. J. L., 638.
The law of the case being so well defined, and the plaintiff having denied that he ever authorized or directed Hood, the.original payee, or his clerk, Miss Jurey, to receive payment of the principal, or any part of the same, and he having also denied that he knew of the payment of $350 on the principal, it was plainly incumbent on the defendants to show that the plaintiff had either expressly or impliedly made Hood and Miss Jurey his agents. On the contrary, no claim of express authority is made, and it is conceded that Hood never had possession of the note or the mortgage after they >were transferred to the plaintiff, and the defendants say that they had asked for them “dozens of times” at Hood’s office and they were never produced.
But it is shown that interest was paid semiannually and was receipted for by “F. P. Hood, *8 Ag’t,” that it was regularly paid over to plaintiff by Hood, and was credited by plaintiff on the note on the several dates up to August 31, 1903; but it is not shown that plaintiff ever saw any of Hood’s receipts for interest of that he ever knew that Hood had signed receipts therefor as “Ag’t.” The significant fact does appear, however, that from the time of the payment of the $350 to Hood, the receipts given by Hood to the defendants are for the exact amount of interest on the principal remaining unpaid, while the credits indorsed on the note by plaintiff are for the full amount of interest on the principal of the note without deduction, indicating that Hood was concealing from the plaintiff the payment of the $350, and that he made up the interest to the full amount out of his own pocket. Now it is claimed that these circumstances constituted Hood the agent of the plaintiff for the purpose of receiving payment of both principal and interest.
It is hardly necessary to discuss the proposition that the ratification of one unauthorized act is not a ratification of another and entirely distinct act; or that the acceptance of the results of a series of unauthorized acts of the same kind is the creation of an implied agency to do an entirely different thing. To state the proposition in a concrete form, the plaintiff having recognized the course of dealing as to payment of interest through Hood may be presumed to have authorized him to collect interest; but no implied agency to collect the principal, or any part of it, could arise therefrom. These are accepted principles in the law of agency. Baldwin v. Burrows, 47 N. Y., 199, 211; 1 Am. & Eng. Eney. Law (2d ed.), *9 1002. There was no recognition of the act of Hood in collecting a part of the principal, because the plaintiff did not know that the money had been paid to Hood, nor that the latter was deceiving the defendants by assuming to act for him. The cases are numerous and directly to the point that an authority to receive interest does not imply an authority to receive payments on the principal. Whitlock v. Waltham, I Salk., 157; Williams v. Walker, 2 Sandf. Ch. R., 325; Smith, Exrx., v. Kidd, 68 N. Y., 130; Cox v. Cutter, 28 N. J. Eq., 13; Ilgenfritz v. Mut. Benefit Life Ins. Co., 81 Fed. Rep., 27; Palmer v. Wistanley, 23 Up. Can. C. P., 586; Walsh v. Peterson, 59 Neb., 645; Guilbert v. Garber, 62 Neb., 464; Stolzman v. Wyman, 8 N. Dak., 108; Corey v. Htmter, 10 N. Dak., 5. In a case in which it appeared that the scrivener, not having possession of the security, had' received not only the interest but part of the principal also and paid it to the obligee, it was held that such circumstances did not imply that the scrivener had any authority to receive a part of the principal which he received and did not account for. Wostenholm v. Davies, Freeman Ch. R., 289.
When the defendants made payments to Hood without requiring the production of the securities, it was no more than if they had entrusted such payment to a messenger boy. That which reached the plaintiff was good payment. That which did not reach the plaintiff was at their own risk.
The judgment of the circuit court is reversed, and that of the court of common pleas is affirmed.
Shauck, C. J., Price, Crew and Summers, JJ., concur.