HIRAM P. WALKER, APPELLANT, V. LILLIE W. SMITH ET AL., APPELLEES.

FILED JANUARY 16, 1913.   No. 16,904.

Principal and Agent: EVIDENCE: PAYMENT TO AGENT. The mortgagee named in the mortgage in suit assigned his mortgage and guaranteed the payment thereof, and thereafter collected the principal and interest, but failed to acount for the principal to his assignee, who instituted this suit to foreclose the mortgage. Evidence examined, and *held* sufficient to show that the mortgagee was the agent of his assignee, and the payment to him satisfied the mortgage indebtedness. *Pine v. Mangus,* 76 Neb. 83, followed.

APPEAL from the district court for Clay county: LES-
LIE G. HURD, JUDGE. *Affirmed.*

*Ambrose C. Epperson,* for appellant.

*S. W. Christy, L. E. Cottle, R. D. Sutherland, D. T.
Barrett* and *M. L. Corey, contra.*

FAWCETT, J.

So far as the question of the relation of principal and
agent existing between plaintiff and J. O. Walker and
the dealings of the latter with the defendants and the
public generally in and about Ong, the issues and the
evidence in this case are substantially the same as in
*Walker v. Hale, ante,* p. 829, and those questions will not
again be discussed in this case. The judgment of the
court below was the same in this case as in that, and a
similar judgment must be entered in this court. The
difference between this case and that only will be con-
sidered in this opinion.

The note and mortgage in this case were executed and
delivered by the defendants Smith March 1, 1902, to
J. O. Walker. The petition alleges: "Before the matur-
ity of the said note, and at about its date, the said J. O.
Walker, for a valuable consideration, sold, transferred
and assigned the said promissory note to the plaintiff
herein, who is now the owner and holder thereof, together
with the lien of the said mortgage given to secure the
same." It is further alleged that on June 17, 1905, the
mortgagors conveyed the property to defendant Montra-
ville M. Hart, who assumed the payment of the mortgage
in suit. The answer of defendants Smith alleges that
they obtained the loan from J. O. Walker, who repre-
sented that he was the agent of plaintiff; that they paid
the interest to J. O. Walker for four years, which he ac-
cepted as agent for plaintiff. Then follows the general
allegations as to the agency of J. O. Walker. The answer
of defendants Hart alleged payment of the mortgage to

J. O. Walker about March 1, 1906, the release of the same by J. O. Walker March 9, 1906, and that no assignment of the mortgage from J. O. Walker to plaintiff had ever been recorded. Then follows the allegations as to the agency of J. O. Walker for plaintiff. They further allege that, if the plaintiff had been the owner of the note and mortgage since shortly after its date, he permitted J. O. Walker to collect interest thereon for each year, and permitted him to act as his general agent in the loaning of money and collection of principal and interest for other parties in and about the town of Ong; that, by reason of the premises, plaintiff is now estopped from asserting any lien upon the premises in controversy; and, further, that after the purchase of the premises by them, and after the payment of the principal and interest of the mortgage debt, plaintiff remained silent for more than three years, making no claim against defendants or the premises in controversy or the makers of the note and mortgage, until after the death of said J. O. Walker, which occurred almost two years after the maturity of said note; and that, by reason of such silence and inaction, plaintiff is estopped. For reply to the answer of defendants Hart, which is the only one we deem it necessary to consider, plaintiff alleged, in substance, that the representations by J. O. Walker were without his knowledge or consent; that the note when assigned was guaranteed by J. O. Walker, and the collections made by him were made by reason thereof, and not as agent; that payment was not authorized to be made to J. O. Walker, and, if he received it, it was not remitted to plaintiff, but was converted by J. O. Walker; that plaintiff did not know of the payment until after the death of J. O. Walker and had no reason to believe payment had been made; that J. O. Walker annually remitted the interest; that Hart knew that the note and mortgage had been assigned to plaintiff at the time he purchased the land from the Smiths, and never notified plaintiff of payment, nor demanded return of papers, but negligently made no effort

to secure the same; that, if demanded, "plaintiff could have investigated with said defendants the transactions alleged to have been had with the said mortgagee, J. O. Walker, and ample time would have been had to recover from him the amount paid, if any, for the benefit of plaintiff, by whomsoever was entitled to it. By reason of which neglect and carelessness of defendants, they are now estopped to allege payment of said indebtedness to the said J. O. Walker, for the use and benefit of the plaintiff."

We think a fair construction of plaintiff's petition and of the transcript from his books, which he introduced in evidence, is that, while the mortgage in controversy was taken in the name of J. O. Walker, it was in fact so taken by him for the plaintiff. The transcript from plaintiff's books, referred to, shows this entry: "Lillie W. Smith to J. O. Walker use H. P. Walker, March 1st, 1902, $1,200 mortgage;" and the petition alleges that it was sold to plaintiff "at about its date." If that be true, then our opinion in *Walker v. Hale, supra,* would dispose of every feature of this case. Inasmuch, however, as the parties have argued the case as if it were an original loan by J. O. Walker, subsequently assigned to plaintiff, we will consider it as such. The reply of plaintiff charges that at the time Hart purchased the property from Smith he knew that the note and mortgage had been assigned to plaintiff. This allegation is unqualifiedly denied by the uncontradicted testimony of Mr. Hart. The case stands thus: Plaintiff before maturity purchased the note and mortgage from the mortgagee, kept his assignment (if he ever received one, which is not established in this case) from the records, and permitted the mortgagee for a number of years to deal with the mortgagor and his grantee, who had assumed the mortgage, as if he, the original mortgagee, were still the owner of the paper. And now, after such mortgagee has collected the full amount of the debt and duly executed a release of the mortgage, plaintiff comes into a court of equity and as-

serts that the mortgagee was not his agent; that he is not bound by the payment made and the release given, and asks that he be permitted to compel defendants to pay the debt a second time. This cannot be permitted. In *Pine v. Mangus*, 76 Neb. 83, we held: "A mortgagee of real estate assigned its mortgage, and guaranteed the payment thereof, and thereafter collected the principal and interest, but failed to account therefor to its assignee, who instituted this action to foreclose the mortgage. Evidence examined, and *held* sufficient to show that the mortgagee was the agent of its assignee, and the payments to it satisfied the mortgage indebtedness."

We think the evidence, showing J. O. Walker to have been the general agent of plaintiff, would alone have been sufficient to sustain the judgment of the district court that the payment of the amount of the mortgage in controversy to J. O. Walker by Hart was a payment thereof to plaintiff; but, when we add to that the fact that plaintiff, without recording his assignment of the mortgage, permitted J. O. Walker, the owner of the mortgage as shown by the record, to deal with the defendants as if he were still the owner of the mortgage, and to collect from them the full amount of the debt, and in due form release the mortgage, it settles the question beyond all dispute that plaintiff's suit is without equity.

The judgment of the district court is therefore

AFFIRMED.