Braun v. Peet.

---

GEORGE BRAUN, APPELLANT, V. M. D. PEET, APPELLEE.

FILED DECEMBER 18, 1914. No. 17,880.

1. **Appeal:** DISMISSAL: HARMLESS ERROR. The dismissal of a civil case for insufficiency of the evidence to sustain a verdict in favor of plaintiff, instead of giving a peremptory instruction for defendant, is not reversible error.

2. **Landlord and Tenant:** EVICTION: NOTICE TO VACATE. Mere notice to vacate leased land does not amount to an eviction of a tenant who disregarded it, remained in undisturbed possession several months, and voluntarily vacated the premises.

3. ———: ———: REPAIRS. The failure of a landlord to furnish materials for repairs according to the terms of his lease does not amount to an eviction, where the tenant has not been damaged by that breach of covenant.

4. **Appeal:** DISALLOWANCE OF NOMINAL DAMAGES. The disallowance of nominal damages to which plaintiff is entitled in an action for breach of contract is reversible error, where it affects a substantial right or prevents him from recovering costs; but the rule is otherwise, if he is not thus injured.

5. **Landlord and Tenant:** EVICTION: ACTION FOR DAMAGES: EVIDENCE. Evidence of the landlord's purpose to eject the tenant is immaterial in an action by the latter to recover damages for an eviction of which there is no proof.

APPEAL from the district court for Keya Paha county R. R. DICKSON, JUDGE. *Affirmed.*

*Ross Amspoker* and *Lear & Lear,* for appellant.

*J. A. Douglas, contra.*

ROSE, J.

This is an action to recover from defendant damages in the sum of $5,000 for evicting plaintiff from leased land and for violating provisions of the lease. For the term of five years from March 1, 1911, defendant leased to plaintiff, for a share of the profits, a ranch in Keya Paha county, and agreed to stock it and to furnish necessary materials for repairs. Plaintiff pleaded that defendant took away three head of cattle; that he failed to provide corn for feed; that he refused to furnish materials for repairs; and that he notified plaintiff November 14, 1911, to vacate the premises. Defendant denied eviction and liability for damages. The case was tried to a jury. At the close of plaintiff's testimony the trial court dismissed the action for insufficiency of the evidence to establish the cause of action pleaded, and discharged the jury. Plaintiff appeals.

The dismissal is challenged as erroneous because the proper practice, if plaintiff failed to prove his case, was to direct a verdict for defendant. Where the evidence is insufficient to sustain a verdict in favor of plaintiff, it is not reversible error to dismiss the action, instead of giving a peremptory instruction for defendant. *Zittle v. Schlesin-*

*ger,* 46 Neb. 844; *Thompson v. Missouri P. R. Co.,* 51 Neb. 527.

It is argued that the case should have been submitted to the jury. The solution of this question depends on the sufficiency of the evidence. It is conceded that plaintiff was notified by defendant to vacate the demised premises November 14, 1911. In addition, there is proof tending to show that defendant took away three head of cattle and afterwards said he would "make it right;" that he refused to furnish materials for repairs; and that plaintiff expressed a purpose to surrender possession unless defendant would furnish corn for feed. Plaintiff, however, remained on the ranch until January 16, 1912. There was no attempt to evict him by legal process. While defendant had agreed to pay a portion of the cost of grain, if necessarily purchased for feed, the lease, when properly construed, did not obligate him to furnish it. On the facts proved, plaintiff voluntarily surrendered the demised premises. Under the circumstances of this case, the notice to quit, when considered with all other acts of the parties, did not amount to an eviction.

While there is evidence that defendant took three head of cattle away from the ranch, and that he violated his agreement to furnish materials for repairs, there is nothing to show the extent to which plaintiff was damaged in those respects. From the proofs, the jury could not have estimated any substantial damage to plaintiff, and the trial court properly refused to submit that question to them. It is nevertheless insisted, on the undisputed facts, that plaintiff was entitled to nominal damages for breach of the covenant to furnish materials for repairs, and that therefore the dismissal was erroneous. The failure to allow nominal damages is reversible error, where it affects a substantial right of plaintiff or prevents him from recovering costs. *Mollyneaux v. Wittenberg,* 39 Neb. 547. The rule, however, is otherwise where plaintiff is not thus injured. *School District v. Burress,* 2 Neb. (Unof.) 554; *Heater v. Pearce,* 59 Neb. 583. For the trial court's failure to allow plaintiff nominal damages, he is

not entitled to a reversal for the following reasons: Not having adduced evidence of actual damages, no substantial right of plaintiff was affected by the dismissal. On the merits of the case, a judgment for nominal damages was the full measure of plaintiff's right to a recovery. That relief would not have entitled plaintiff to costs, because it was grantable by a justice of the peace. *Rev. St.* 1913, sec. 8168 (Code, sec. 621); *City of Hastings v. Mills,* 50 Neb. 842.

Complaint is made because the trial court excluded offered evidence that defendant had a fixed purpose to evict plaintiff. Eviction was not shown, and proof of the abandoned purpose mentioned was properly excluded.

Rejection of evidence that defendant said he had no corn for feed and could get none is also assailed as erroneous. This assignment of error is based on a misinterpretation of the lease, and is without merit. Other assignments of a similar nature are also overruled.

Finding no reversible error in the record, the judgment is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.