Rehmeyer v. Lysinger.

MARY REHMEYER, APPELLANT, V. SIMON N. LYSINGER ET AL., APPELLEES.

FILED FEBRUARY 27, 1923.   NO. 22250.

1. **Principal and Agent**: OSTENSIBLE AUTHORITY. "Ostensible authority to act as agent may be conferred if the party to be charged as principal affirmatively or intentionally, or by lack of ordinary care, causes or allows third persons to trust and act upon such apparent agency." *Thomson v. Shelton,* 49 Neb. 644.

2. ———: IMPLIED AUTHORITY. "Where one not in possession of a note assumes to collect both principal and interest as agent of the holder, proof of his authority to receive payment of principal may be implied from facts and circumstances arising in the course of the relations between the holder and the alleged agent with regard to the note, justifying the inference that it was intended that the latter should be empowered to collect both principal and interest." *Kile v. Zimmerman,* 105 Neb. 576.

3. ———: MORTGAGE: ASSIGNMENT: PAYMENT TO MORTGAGEE. "Evidence examined, and *held* sufficient to show that the mortgagee was the agent of its assignee, and the payments to it satisfied the mortgage indebtedness." *Pine v. Mangus,* 76 Neb. 83.

4. **Equity**: ESTOPPEL. "Where one of two innocent persons must suffer through the misfeasance of the agent of one, that one must suffer who has placed the agent in a position to perpetrate the fraud complained of." *Bull v. Mitchell,* 47 Neb. 647.

APPEAL from the district court for Hamilton county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Hainer, Craft, Edgerton & Fraizer,* for appellant.

*Horth & Ryan,* contra.

Heard before MORRISSEY, C. J., ALDRICH, DAY and GOOD, JJ., TROUP, District Judge.

TROUP, District Judge.

Plaintiff brought suit in the district court for Hamilton county to foreclose a mortgage upon 80 acres of land therein situated. From a decree finding that the note, which the mortgage was given to secure, had been fully paid and dismissing plaintiff's suit, plaintiff appeals.

The case is another one of a class of which there have been many before this court at one time or another

wherein the plaintiff is seeking to avoid the consequences of the fraudulent acts of a faithless agent.

Plaintiff's petition is in the usual form of one seeking the foreclosure of a real estate mortgage. Defendant's answer narrates a brief history of the transaction in question, alleges the good faith of the defendant in all that he did in respect thereto, his entire lack of knowledge or notice, actual or constructive, of the fact that plaintiff was the assignee of the mortgage in suit or had any interest therein; the agency of the Wentz Company in its relation to the plaintiff throughout the transaction; defendant's payment in full of said note and mortgage; a denial of any lien or claim of plaintiff against the land in question, and the estoppel of plaintiff as against the defendant to the relief she seeks. The reply of plaintiff denies all matter in defendant's answer not admitted in the petition.

The evidence supports the material allegations of defendant's answer, and, without serious dispute, is, in substance, as follows: That W. C. Wentz was in the real estate, loan, brokerage and investment banking business in Aurora, Nebraska, for a period of about 40 years prior to the transaction in question; that he did business as W. C. Wentz, unincorporated, up to March, 1906, at which time he incorporated the business under the same name; that at all times both before and after incorporation W. C. Wentz was virtually the sole owner and in exclusive control of the business until some time in 1918, when he sold the same to his son, Charles W. Wentz, who thereafter was the sole owner and in control of the business; that for convenience in handling loans the same were generally taken in the name of W. C. Wentz while he was owner, and in the name of Charles W. Wentz after he became owner; that on January 2, 1914, the defendants, Lysinger and wife, old and well-known residents of Hamilton county, borrowed $2,000 from the said Wentz Company, giving their note therefor due January 1, 1919, with ten

Rehmeyer v. Lysinger.

semi-annual interest coupons attached, all payable to W. C. Wentz, and payable at the office of the W. C. Wentz Company at Aurora, securing said note by a mortgage on 80 acres of land in Hamilton county, said mortgage being recorded January 3, 1914; that the plaintiff, Mary Rehmeyer, is a German lady about 80 years of age, a resident of Hamilton county for 37 years, with an adult son and daughter, and at the time in question resided at Aurora; that on or about January 12, 1914, through her son Gus, plaintiff purchased the Lysinger note and mortgage from the Wentz Company, the mortgage being assigned to plaintiff by W. C. Wentz, and the note and coupons assigned by him in blank without the name of the assignee anywhere appearing therein, although the form provided a space for that purpose, and, thus assigned, delivered the papers to plaintiff, who deposited same in a tin box left in the custody of the Wentz Company, she retaining possession of the key; that plaintiff did not record her assignment of mortgage until more than six and a half years after she received it, and not until more than 15 months after the note and mortgage had matured and same been fully paid by the defendant; that defendant had no knowledge or notice, either actual or constructive, that plaintiff had or claimed any interest in or to said mortgage; that, as interest coupons became due, Wentz Company would notify defendant to pay same, which defendant did from time to time during the five years' life of the mortgage and until all ten coupons were paid, receiving the canceled coupons through the mail from Wentz soon after payment; the plaintiff leaving the matter of collecting interest in charge of Wentz or the Wentz Company, called at the company's office every six months to get her interest, at which time Wentz would get her box, she unlock the same, he would clip coupon and give her check for same, she then lock box again, leave same with Wentz, leaving it to Wentz to give or send the paid coupon to defendant. This plaintiff kept up

regularly through the life of the note and mortgage and for more than 18 months after same matured. Soon after defendant's mortgage became due he arranged with Wentz Company to give a new mortgage for same amount, which he did, in the name of Charles W. Wentz, who a year before had become the owner of the business, which mortgage was immediately sold by Wentz to one Ida K. Long, intervener herein, and the $2,000 received therefor credited to the plaintiff herein in her account on the books of the Wentz Company. When defendant executed a new mortgage he asked for a release of old mortgage and was told by Wentz that he would send papers to him in about a week. Defendant called again, but failed to get the release, and, sickness occurring in defendant's family, the matter drifted along without defendant securing the required discharge of the mortgage. In the meantime, apparently without any attention given to the fact that her note and mortgage had matured, plaintiff continued to call upon the Wentz Company for her interest, and two instalments of interest were paid her by the company after the note and mortgage had matured and the same fully paid by the defendant, the Wentz Company charging her account with the interest payments against her credit on the books of the $2,000 received in payment of her mortgage. So the matter stood when on March 17, 1920, the Wentz Company failed. After the Wentz Company failed, plaintiff, or her son, went to the Wentz Company office for her papers, but same were not in her box, and were afterwards found somewhere among the company's office or bank papers. The first intimation that defendant had that plaintiff owned the mortgage on which he had been paying interest for five years and which, soon after its maturity, he paid in full, was after the company failed and 15 months after payment of plaintiff's mortgage. Upon Wentz obtaining the new mortgage and selling the same to Ida K. Long, he gave to Mrs. Long an assignment of the mortgage, which she

Rehmeyer v. Lysinger.

duly recorded on the same day, March 24, 1919. On July 31, 1920, plaintiff's attorney filed with the receiver for the Wentz Company a duly authenticated claim in behalf of plaintiff and against the Wentz Company, for money had, received and converted by the Wentz Company, in the sum of $2,000, the attorney, however testifying that this was done without the knowledge of the plaintiff.

The principal question for decision then is: Was the Wentz Company, as represented first by W. C. Wentz and later by Charles W. Wentz, the agent of plaintiff in collecting the interest and principal due her as assignee of the mortgage in suit? That must be determined alone from a just consideration of the facts above detailed, together with such proper inferences as may be drawn therefrom. The facts speak for themselves, and no amount of comment thereon can add force to the conclusion which these facts compel. After due consideration of the same, we have no hesitation whatever in declaring that the Wentz Company, as thus represented, was the agent of the plaintiff at all times in doing what it did in the collection of all moneys due plaintiff upon her mortgage, and, as such, plaintiff is bound by its acts in that regard. It probably does not appear from the evidence that plaintiff created that company her agent by express words, but that by her own acts and her acquiescence in the acts of the representatives of said company in acting for her in the collection of money due upon her mortgage from the mortgagor through a period of six and a half years she created that company her ostensible agent there can be no question, and that is sufficient.

"Ostensible authority to act as agent may be conferred if the party to be charged as principal affirmatively or intentionally, or by lack of ordinary care, causes or allows third persons to trust and act upon such apparent agency." *Thomson v. Shelton,* 49 Neb. 644. See, also, *Phœnix Ins. Co. v. Walter,* 51 Neb. 182; *Pine*

*v. Mangus,* 76 Neb. 83; *Walker v. Smith,* 92 Neb. 841;
*Kile v. Zimmerman,* 105 Neb. 576. Numerous other
cases to the same effect abound.

We infer from plaintiff's brief that she does not
seriously dispute the fact that the company mentioned
had authority to collect the various instalments of
interest, but contends that authority to collect interest
does not necessarily imply the authority to collect the
principal. This is probably true, except, however, as
the facts and circumstances surrounding the particular
case justify the implication. We think the facts and
circumstances surrounding the present case do justify
the implication in this instance. The bond and mortgage
were made to Wentz in the first instance. The de-
fendant never knew any one else in the transaction but
Wentz. In the canceled coupons or other receipts given
defendant for payments made there never was revealed
the name of any other person as having any ownership
or interest in the mortgage than Wentz. Even if it
were proper to infer from Wentz's statement to de-
fendant, when the latter requested a release of the old
mortgage, that "you will have to wait until I get
this money from the east," that the bond and mortgage
were therefore held by some person in the east, yet
it was perfectly natural to believe that the person in
the east, whoever he may be, would require some local
agent to attend to the collection of his mortgage when
it was apparent he was not doing so himself. Who was
more likely to have that authority than Wentz? He
was the only one, so far as defendant knew, who had the
apparent authority to act in the matter. The note
and mortgage never were in the east; they were in the
possession and control of either Wentz or the plaintiff
at all times, neither of whom at any time ever disclosed
to the defendant plaintiff's interest therein. We are
satisfied that the facts and circumstances justified de-
fendant in paying the principal as well as the interest

Rehmeyer v. Lysinger.

on the mortgage to Wentz. See *Kile v. Zimmerman,
supra.*

Plaintiff's next proposition is that the authority
of an agent to collect his principal's debt does not in-
clude the authority to accept as payment anything but
money. Assuming this also to be true, plaintiff's as-
sumption that Wentz satisfied her mortgage with any-
thing but the payment of money is not sustained by the
record. Upon the taking of the new mortgage from
defendant, Wentz received $2,000 in cash to be applied
in satisfaction of plaintiff's mortgage. The fact that he
obtained the money through the medium of the sale
of a second mortgage can make no difference to plaintiff.
That he secured this cash in payment of plaintiff's
mortgage and for the express purpose of appropriating
the same to plaintiff's use and benefit is evidenced by the
fact that he immediately entered the amount to her
credit on the books of the company. That her agent
Wentz may have kept the fact of this collection secret
from plaintiff, or that a year or more thereafter he may
have converted or embezzled the money so collected, as
he may have done in many other instances, cannot alter
the situation. Plaintiff's money was there to her credit.
It was at her command at all times. In the sense of
liability therefor it is there yet. For the fact that
eventually it may be lost, plaintiff's lack of ordinary
diligence and her agent's perfidy are alone responsible.
Defendant was an old resident and well-known land-
owner of Hamilton county. Plaintiff knew it was his
mortgage she held; he was ignorant of the fact; had she
notified him at some time during the life of the mortgage
of her ownership therein doubtless her loss would have
been spared her. But plaintiff did nothing in that re-
gard and she must bear the natural consequences of her
own negligence. That the result of so holding is a
hardship upon plaintiff may be admitted. That to hold
otherwise would be a hardship upon defendant must also
be conceded. In such a case the familiar and well-

established maxim must apply that, where one of two innocent persons must suffer loss he whose negligence caused the injury must bear it, or, to be more specific, as applying to the case at bar: "Where one of two innocent persons must suffer through the misfeasance of the agent of one, that one must suffer who has placed the agent in a position to perpetrate the fraud complained of." *Bull v. Mitchell*, 47 Neb. 647.

We are of the opinion that the decree of the lower court is right and it is therefore, in all things,

AFFIRMED.