CLARENCE S. PETERSON ET AL., APPELLEES, V. LOUIS F. KUHN ET AL., APPELLANTS.

FILED MAY 15, 1923. No. 22375.

1. Principal and Agent: OSTENSIBLE AUTHORITY. "Ostensible authority to act as agent may be conferred if the party to be charged as principal affirmatively or intentionally, or by lack of ordinary care, causes or allows third persons to trust and act upon such apparent agency." *Thomson v. Shelton,* 49 Neb. 644.

2. Bills and Notes: NEGOTIABILITY. Under sections 5950-5954, Comp. St. 1922, a promissory note, secured by a real estate mortgage which provides that the mortgagor shall pay the taxes levied against the mortgage or debt secured thereby, is negotiable, notwithstanding the fact that the note and mortgage are parts of a single transaction.

3. Evidence examined, and *held* that the lower court was right in rendering judgment in favor of the administrator and against the maker of the note.

APPEAL from the district court for Hamilton county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Charles L. Whitney* and *Horth & Ryan,* for appellants.

*Hainer, Craft, Edgerton & Fraizer* and *J. H. Grosvenor,* contra.

Heard before MORRISSEY, C. J., ALDRICH, DAY and GOOD, JJ., BUTTON, District Judge.

BUTTON, District Judge.

This was an action to foreclose a mortgage for $800 against lot 12, block 17, South addition, Aurora, Nebraska. Louis F. Kuhn, on April 17, 1918, procured a loan

from W. C. Wentz Company and gave his note to the company therefor, secured by a mortgage on the real estate as above. The W. C. Wentz Company sold and assigned this note and mortgage to Clarence S. Peterson for $800 before maturity. Peterson took the note and mortgage and deposited them in the Fidelity State Bank of Aurora, Nebraska. When the interest fell due the bank notified Kuhn, but was reminded that the note and interest coupons were payable at the W. C. Wentz Company. The bank collected the interest at the office of said company. Before the note was due Kuhn sold the real estate to John Lulow. Lulow refused to assume the mortgage against the real estate, so Kuhn undertook to pay off the indebtedness, and did pay to the Wentz Company the amount thereof, but failed to obtain the note and procure the release of the mortgage. When the note fell due this action was instituted, and Lulow and Kuhn were made parties defendant. John Lulow died, and now Charley Lulow, as administrator of John Lulow's estate, has been substituted. The administrator asked that he be given judgment against Kuhn for the amount due in case the court found for appellee Peterson. The court found for appellee Peterson and determined the amount due and awarded foreclosure and gave the administrator judgment against Kuhn. Kuhn has appealed to this court and now seeks a reversal of the judgment and decree of the lower court.

Appellants now contend the W. C. Wentz Company was the agent of Peterson, and hence the payment to the company discharged the debt. And appellants also contend the note was nonnegotiable and that payment to the original mortgagee is payment to the holder. There is no evidence at all that the W. C. Wentz Company was authorized by Peterson to act for him. Appellants contend, however, that since the note and coupon interest notes recited on their faces that they were payable at the W. C. Wentz Company, and that the Fidelity State Bank,

agent for Peterson, collected the interest there, these facts gave the Wentz Company ostensible and apparent authority to collect the same, and payment to said company discharged the debt and satisfied the mortgage.

Ostensible authority, as used in the law of agency, pre-supposes the existence of the relation of principal and agent. This relation may exist by express words or agreement of the parties, or it may result from conduct of the parties such as will estop them from denying the relation. In the case at bar, Peterson's agent did exactly what the interest coupon notes required it to do, that is, presented the notes at the W. C. Wentz Company for payment. This provision was placed in the notes for the accommodation of the maker and Peterson had nothing to do with it. Manifestly it was the duty of the maker, when he attempted to pay the note, to demand and procure it at the time of payment. He cannot now escape from his own careless act, because Peterson accepted his interest at the hands of the company where Kuhn, as maker of the notes, said the holder of the notes should receive it. Peterson never had but the one transaction with the W. C. Wentz Company. This was the purchase of the note and mortgage. Peterson immediately took the note and mortgage to his bank and had no more to do with the Wentz Company nor any member thereof. Under such circumstances the evidence is entirely insufficient to show authority of the W. C. Wentz Company to act for Peterson for any purpose.

"Ostensible authority to act as agent may be conferred if the party to be charged as principal affirmatively or intentionally, or by lack of ordinary care, causes or allows third persons to trust and act upon such apparent agency." *Thomson v. Shelton,* 49 Neb. 644; *Rehmeyer v. Lysinger,* 109 Neb. 805; *Holt v. Schneider,* 57 Neb. 523; *Phœnix Ins. Co. v. Walter,* 51 Neb. 182. See, also, *Creighton v. Finlayson,* 46 Neb. 457; *Brown v. Eno,* 48 Neb. 538; *Gilbert v. Garber,* 62 Neb. 464; *Campbell v. O'Connor,* 55 Neb. 638.

Appellants further contend that the note was non-negotiable, and hence Peterson had notice that payment could be made at the W. C. Wentz Company. The cases of *Garnett v. Meyers,* 65 Neb. 287, *Consterdine v. Moore,* 65 Neb. 296, *Bradbury v. Dillon,* 65 Neb. 300, and *Northern Counties Investment Trust v. Edgar,* 65 Neb. 301, 303, are cited in support of this contention.

The principle of negotiability is that the instrument must show on its face certainty as to the amount to be paid at maturity. Hence, a note and mortgage securing it, executed as part of a single transaction, when construed together, may contain provisions that will render the note nonnegotiable. The above decisions were rendered in 1902. The court, applying the above principle in the above cases, said that the language in the mortgage, "the said parties of the first part hereby agree to pay all the taxes and assessments levied upon * * * the holder of the mortgage for and on account of the same," produced this uncertainty and rendered the note nonnegotiable. The court then held that the maker, without notice of a transfer, could make payment to the payee named in the note and mortgage. The court said such agreement rendered the amount that the holder of the note could demand on the indebtedness itself uncertain, and the note nonnegotiable in the hands of one who took it with notice. In 1911 there was some legislation on the subject. This legislation was amended later and is now found as sections 5950-5954, Comp. St. 1922. Section 5952 reads in part as follows:

"When any mortgage contains a condition that the mortgagor shall pay the tax levied upon the mortgage or the debt secured thereby, the mortgage shall not be entered for separate assessment and taxation, but both interests shall be assessed and taxed to the mortgagor or owner of the real estate. An agreement of this character in the mortgage shall not destroy the negotiability of any note secured thereby."

Prior to this legislation, if the mortgagor failed to

live up to his contract, contained in the mortgage, to pay the taxes, the mortgagee had to pay them and add them to his mortgage, for the taxes ran against the mortgagee. This rendered uncertain the amount to be paid at maturity of the note, and the note and mortgage, being parts of a single transaction, were construed together, and the maker of the note, without notice of a transfer of the note and mortgage, could make payment to the original payee.

Since the above legislation, no uncertainty exists. Where the mortgagor agrees to pay the taxes, they are assessed against him and become a lien against his land, and the mortgagee's note and mortgage remain absolutely definite and certain as to the amount due at maturity. It might be noticed in this connection, also, that the negotiable instruments act, section 4616 Comp. St. 1922, provides that the negotiable character of an instrument is not affected by a provision which "waives the benefit of any law intended for the advantage or protection of the obligor." The reason upon which the above decisions are predicated does not exist in cases like the case at bar. Therefore, under sections 5950-5954, Comp. St. 1922, a note, secured by a real estate mortgage which provides that the mortgagor shall pay the taxes levied against the mortgage or debt secured thereby, is negotiable, notwithstanding the fact that the note and mortgage are parts of a single transaction.

All parties were before the court. The court had jurisdiction of the subject-matter. Having found for appellee Peterson, it was the duty of the court to render judgment against Kuhn and in favor of Lulow for the amount due under the decree, as Kuhn did not object to this procedure.

The decree and judgment of the lower court is right, and is

AFFIRMED.