VERN STEWART, APPELLEE, V. SPADE TOWNSHIP, APPELLANT, IMPLEADED WITH ELMER HALVORSEN ET AL., APPELLEES.

58 N. W. 2d 841

Filed June 5, 1953. No. 33263.

*Leo M. Williams* and *Roscoe L. Rice,* for appellants.

*W. Keith Peterson,* for appellee Stewart.

*Merritt C. Warren* and *A. L. Burbridge,* for appellees Halvorsen.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action plaintiff, an operator of road-building machinery, sued to recover the reasonable value of work and labor performed in building the approaches to a culvert on a township road, and the reasonable value of building a length of new road on private property adjoining the township road. He alleged that the

amount due him was $572.50. He joined the township and three individuals as parties defendant. The three individual defendants filed general denials. The defendant township admitted its liability for the reasonable value of the work done in building the fill or approaches to the culvert. It denied other liability. By counterclaim it sought to recover $820 for damages to the culvert and its road. The trial court sustained a demurrer to the evidence on the counterclaim.

The cause was tried to a jury. The trial resulted in a verdict and judgments against each of the individual defendants in the sum of $25 each and against the township in the sum of $497.50.

The township appeals and will be hereinafter referred to as the defendant.

Issues as to the liability of the other defendants are not presented by this appeal.

We deem it necessary to determine two assignments of error.

In summary, plaintiff's evidence shows the following as the basis of his claim to recover from the defendant. The defendant's board in April of 1951, verbally agreed with users of the road to build a culvert in the township highway and to make the necessary fill or approaches so as to make the road passable across the culvert. One member of the board authorized one of the individual defendants to employ someone with dirt-moving machinery to make the fill. About a week before July 9, 1951, that authority was exercised, and plaintiff was employed to make the fill. Plaintiff testified that he was so employed. That individual defendant had no part in the conversations that produce the dispute here.

Also about the same time one member of defendant board employed a Mr. Warner to build the culvert. Plaintiff testified that he knew Warner was so employed. There is evidence by one member of the defendant board that Warner was "road boss" on that job.

On July 9, 1951, Warner and two of the defendants,

who were interested in improving this road, started to build the culvert. Plaintiff brought his machinery to the job. The question of getting dirt for the fill arose. One member of defendant's board testified that he expected them to get the dirt from the right-of-way. Two of the individual defendants bought and paid for dirt from the land of an adjoining neighbor. Some one of those there at that time apparently conceived the idea of building a new road extending from the culvert, parallel to the township road and on the land of the adjoining neighbor. The owner seems to have agreed. Plaintiff did not testify as to which of the three men (including Warner who was not a defendant) told him to build the new road. He testified only that "they" did. We find no evidence that any of the three men told the plaintiff that they had authority or spoke for the defendant in giving instructions to build the new road.

The fence was taken down and the work commenced. Warner finished building the culvert the second day and was not thereafter on the job. Thereafter during the week's time that followed (time being taken out on account of rain) plaintiff made the approaches and built the new road. He estimated that about half the work done was on the approaches and half on the new road. The defendant's evidence indicated that the value of making the fill was a lesser amount than one-half the total work performed.

The court instructed the jury that if they found that the two defendants who were present when the work began, or Warner, or any of them had apparent authority to bind the township and authorized and directed plaintiff to do the work necessary to build the new road, that the township would be liable for the reasonable value of plaintiff's services.

It is obvious from the verdict that the jury found that some one of these men had the apparent authority to direct plaintiff to build the new road.

We held in Creighton v. Finlayson, 46 Neb. 457, 64 N. W. 1103, that: "The apparent authority of an agent which will bind his principal is such authority as the agent apears to have by reason of the actual authority which he has."

The first question then is, what is the actual authority of the agent? The one man had actual authority to employ someone to build the approach to the culvert. The other man had actual authority to build the culvert. Plaintiff knew the actual authority of each of the men. No actual authority was given to anyone to do more than that. No one contemplated the building of a new road when the actual authority was given, nor when the authority to employ someone to build the approaches was exercised. We see no basis upon which it can be held that the agents of the defendant had apparent authority to authorize the building of a new road. The trial court erred in submitting the issues to the jury in the manner above set out. The error requires a reversal.

Defendant by counterclaim sought to recover $120 for damages to the culvert and $700 for the cost of removing dirt and debris placed on the road by plaintiff and for "rebuilding a proper township road."

At the close of all the evidence the court sustained a demurrer by the plaintiff to the evidence of the defendant and did not submit the issues of the counterclaim to the jury. Defendant assigns that as error. The question submitted here is whether or not defendant proved recoverable damages.

The evidence is that some days after the work was completed the posts of the culvert were out of perpendicular and in a slanting position and some of the planks pulled loose from the places where they had been attached, although later a part at least of these conditions had been remedied by someone. Defendants offered evidence as to the estimated cost of removing dirt from the culvert and repairing it. We find no evidence that

the damage to the culvert, if any, was caused by anything done by plaintiff. The trial court did not err in not submitting that part of the counterclaim to the jury.

There is evidence that there was dirt and debris on the highway before plaintiff began the work. There is also evidence from which it might be inferred that other dirt there was the result of slides, not connected with plaintiff's work. There is evidence of dirt on the highway which was there as the result of slides caused by plaintiff's work. There is evidence of dirt put there properly by plaintiff as the result of his employment by defendant and dirt put there by plaintiff as a result of making the connection between the culvert fill and the new highway. The most positive statement of damages, offered by defendant, which we find is that "it would cost in the neighborhood of $700.00 probably to put it back where it was before."

At most defendant would not have been entitled to more than nominal damages under this evidence. The rule is: " 'Nominal damages may be recovered where a cause of action for a legal wrong is established, but there is no proof of actual damages.' 25 C. J. S. 466." Larson v. Marsh, 144 Neb. 644, 14 N. W. 2d 189, 153 A. L. R. 101.

The question then is, did the trial court err in failing to submit the issue to the jury? The rule is: "The failure to allow nominal damages is reversible error, where it affects a substantial right of plaintiff or prevents him from recovering costs. * * * The rule, however, is otherwise where plaintiff is not thus injured." Braun v. Peet, 97 Neb. 443, 150 N. W. 256.

Applying the language of the Braun case to the case here: From the proofs, the jury could not have estimated any substantial damage to defendant and the trial court properly refused to submit that question to them. For the court's failure to allow nominal damages the defendant is not entitled to a reversal for the following reasons: Not having adduced evidence of actual damages, no substantial right of defendant was affected by

sustaining the demurrer to the evidence. It is patent, under this record, that plaintiff was entitled to judgment in a substantial amount for the work done in moving dirt to the approaches to the culvert. That judgment would have carried costs under the provisions of section 25-1708, R. R. S. 1943. Defendant, accordingly, would not have recovered costs had a judgment for nominal damages on the counterclaim been awarded. It follows that the failure to submit the issues of the counterclaim to the jury is not reversible error.

The judgment of the district court is reversed and the cause remanded for further proceedings as to plaintiff's petition. The judgment is affirmed as to the counterclaim.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.