First National Bank of Omaha v. Joseph A. Chilson.

Filed May 22, 1895.    No. 6156.

1. **Review:** Issues Below: Defective Record.  The action of the district court in refusing to strike out the pleadings in a cause appealed from a justice of the peace, because presenting issues not made before the justice, cannot be reviewed unless the record discloses what issues were presented before the justice.

2. **Pleading:** Pledges: Evidence.  Suit was brought upon a note by the pledgee thereof.  The defendant pleaded that the debt for which the note was pledged had been paid.  *Held*, That, under this answer, evidence that the pledgee had taken other security and agreed to release the note was inadmissible.

3. **Negotiable Instruments:** Payment: Principal and Agent.  Payment of money on a note at a bank where it is made payable, when the note has not been left there and is not produced, is not a payment of the note.  In such case the person receiving the money becomes the agent of the payor, not of the payee.

4. ———: ———.  Evidence examined, and *held* insufficient to sustain the verdict.

Error from the district court of Sherman county.  Tried below before Holcomb, J.

*Nightingale Bros.*, for plaintiff in error.

*Aaron Wall, contra.*

Irvine, C.

The First National Bank of Omaha sued Chilson before a justice of the peace in Sherman county, on a promissory note for $100, dated April 27, 1888, due ninety days after date, payable to Lalk & Kriechbaum, which it was alleged had been indorsed by Lalk & Kriechbaum to the plaintiff. The defendant appealed to the district court, where judg-

21

ment was rendered on a verdict in his favor. The plaintiff by these proceedings seeks a reversal of the latter judgment.

The petition counts on the note and its indorsement to plaintiff. The amended answer, after a general denial, admits the execution of the note, and specially denies the transfer to plaintiff, averring that if the plaintiff ever held the note, it was held as collateral security to a debt of Lalk & Kriechbaum to the plaintiff, and that such debt has been paid. The answer further avers that the defendant paid the note to Lalk & Kriechbaum. A motion was made to strike the answer from the files for several reasons, in substance reducible to the single ground that the defense raised by the answer was not presented before the justice of the peace. This motion was overruled, and the order overruling it is one of the errors assigned. We cannot say that the district court erred in overruling this motion. The record does not disclose upon what issues the case was tried before the justice of the peace. No answer is required in an action before a justice of the peace. In the absence of an answer any defense may there be urged, whether or not it could be admitted in the district court upon a general denial. Therefore, without considering whether or not the ruling of the district court was correct on other grounds, this assignment of error must be overruled, because the record does not disclose that the amended answer presents a defense not urged before the justice. The reply to the amended answer admitted that the note was indorsed to plaintiff as collateral security, and denied that it had been paid; that Lalk & Kriechbaum were authorized to receive payment, and that the indebtedness from Lalk & Kriechbaum, for which the note had been pledged, had been paid.

The only assignment of error which we shall notice, except the one already disposed of, is that the verdict is not sustained by the evidence. The evidence shows that Lalk & Kriechbaum, who were bankers at Loup City, pledged

this note with others to the plaintiff to secure a loan of money, and that some time after this note had become due, the defendant paid its amount to Lalk & Kriechbaum. The evidence tends to show that when Lalk & Kriechbaum received the money they informed the defendant that the note was not in their possession, but that they would obtain it and deliver it to him. This is the defendants' own testimony. The evidence also tends to show that after this transaction a remittance was made by Lalk & Kriechbaum to the plaintiff of about $500 on their indebtedness. But the evidence is undisputed that a very large indebtedness from Lalk & Kriechbaum to plaintiff remains unpaid. There is evidence tending to show that the plaintiff took from Lalk & Kriechbaum a real estate mortgage to secure this indebtedness, under an agreement that all the collateral notes should be surrendered. Under the averment in the amended answer that the principal indebtedness had been paid to the plaintiff, evidence that other security had been taken and the pledge of this note released was not admissible. Therefore, the verdict cannot be sustained upon the ground that there was evidence tending to show such a state of facts. As already stated, there was no evidence at all tending to show that the principal indebtedness had been paid. The evidence was all the other way. The note was payable by its terms at the banking house of Lalk & Kriechbaum; but the payment of money at the place designated in a negotiable instrument, where such instrument has not been left there for collection, or is not there produced, does not constitute a payment. The person receiving the money under such circumstances becomes the agent of the payor, and not of the payee. We think this principle absolutely settled. One paying money to another, to be applied on a note, which such person has not in his possession, assumes the burden to show the authority of the person to whom payment is made to receive the money. (*South Branch Lumber*

*Co. v. Littlejohn*, 31 Neb., 606.) We agree with the plaintiff in error that we can conceive of no theory on which the verdict could have been found, except one of those already mentioned. The first of these presented a defense not raised by the pleadings; the second, a plea of payment of the principal indebtedness, wholly unsupported by the evidence; and the third, a plea of payment of the note sued on, which the evidence, without contradiction, shows was made to an unauthorized person.

REVERSED AND REMANDED.