MARY THOMSON, APPELLANT, V. THEODORE M. SHELTON ET AL., APPELLEES.

FILED NOVEMBER 18, 1896. NO. 6947.

1. Principal and Agent: APPARENT AUTHORITY. Ostensible authority to act as agent may be conferred if the party to be charged as principal affirmatively or intentionally, or by lack of ordinary care, causes or allows third persons to trust and act upon such apparent agency.

2. ——: EVIDENCE OF AUTHORITY TO RECEIVE PAYMENT. That the party to whom money due another is paid is not in possession of the instruments by which the indebtedness is evidenced is not conclusive of the question of the authority, or lack of it, in the party receiving the money to collect it, but is a circumstance or fact to be considered in the determination of such question.

3. Conflicting Evidence: QUESTIONS OF FACT. If differing, fair inferences may be drawn by candid, impartial minds from undisputed facts in evidence, the question to be determined is not one of law for the court, but one of fact, to be solved by the trier of the facts.

*Security Co. v. Richardson, 33 Fed. Rep., 16; Security Co. v. Christy, 33 Fed. Rep., 22; Kent v. Congdon, 33 Fed. Rep., 228.

4. **Principal and Agent:** EVIDENCE. The evidence *held* sufficient to sustain the findings of the trial court.

APPEAL from the district court of Franklin county. Heard below before BEALL, J.

*H.. Whitmore*, for appellant.

*M. A. Hartigan* and *George W. Prather*, *contra*.

HARRISON, J.

During the month of October, 1886, Theodore M. Shelton, then the owner of a quarter section of land in Franklin county, obtained a loan of $1,500 of the Western Farm Mortgage Trust Company, of Lawrence, Kansas, and evidencing such loan executed and delivered a real estate mortgage bond in the principal sum of the loan, also ten interest coupons attached thereto, and a mortgage securing their payment, covering the aforementioned land. The payee named in the bond and coupons, and also party mortgagee was W. J. Neill. The place of payment named in each instrument, including the mortgage, was at the Third National Bank in the city of New York. The papers were sent east and were sold through a firm of brokers, Winslow & Co., at Troy, New York, to the plaintiff, to whom the mortgage was duly assigned. This assignment was never put upon record in Franklin county. On December 6, 1888, the land was sold by Shelton to George W. Skiles, who is of the parties defendant herein, he assuming and agreeing to pay the indebtedness evidenced by the mortgage. The company notified the owner of the land of the maturity of the installments of interest, and all of them, excepting the last, were paid, as they became due, to the Western Farm Mortgage Trust Company. The money was by it sent east, and the coupons procured, if they had not been forwarded prior to payment, for collection, but in either event they were delivered or sent to the debtor by the Western Farm Mortgage Trust Company. This company,

at some time during the life of the loan, changed its place of business from Lawrence, Kansas, to Denver, Colorado. At or about the time of the maturity of the loan the company urged the renewal of the loan with it or through its interposition as agent, but for reasons which to the debtor were sufficient he did not do so. Instead, he procured a loan of $1,200 of the Eastern Banking Company, to secure the payment of which a mortgage was executed and delivered conveying the land to which we have before referred. To the money thus obtained he added a sum which he then possessed, and with it a draft was purchased for him by the Eastern Banking Company, payable to W. J. Neill, in accordance with a notice sent by the Western Farm Mortgage Trust Company to the debtor, and the draft was forwarded to the last named company at Denver. The draft was there deposited in a bank and its amount credited to the Western Farm Mortgage Trust Company, which, soon afterward, and before the money was remitted to the plaintiff in payment of the mortgage debt, failed. The plaintiff instituted this action in the district court of Franklin county to foreclose the mortgage held by her, and the Eastern Banking Company defended on the ground of payment of the amount of such mortgage to plaintiff by and through her agent and collector, the Western Farm Mortgage Trust Company. The owner of the land admitted the mortgages and pleaded the delivery of the money to the Eastern Banking Company, to be paid to plaintiff in discharge of the bond and mortgage held by her, and prayed that if it was determined that plaintiff's claim and mortgage were still existent, the mortgage and other evidences of indebtedness that he had executed in favor of the Eastern Banking Company might be canceled and held for naught, and that he be awarded a judgment for the sum he gave to the last mentioned company in excess of the amount of the mortgage to it. The Eastern Banking Company also asked a foreclosure of its mortgage lien. The trial court solved the questions presented there

for adjudication in favor of defendants, against plaintiff's alleged rights in the premises, and that her bond and mortgage had been paid and discharged. From the resulting decree the plaintiff has appealed to this court.

The question urged on behalf of appellant is that the findings and decree of the district court were not supported by sufficient evidence. Findings numbered 2 and 4 were as follows:

. "2. The court finds generally in favor of all of the defendants, Theodore M. Shelton, Lizzie M. Shelton, George W. Skiles, Emily P. Skiles, and the Eastern Banking Company and against the plaintiff upon the issues joined in said action."

"4. The court further finds that the money arising out of and from the giving of the said note and mortgage by George W. Skiles and Emily P. Skiles to the Eastern Banking Company was paid to the plaintiff, Mary Thomson and her agents, and that the said Eastern Banking Company, by reason of the premises aforesaid, is subrogated to all the rights, interest, and estate of every name and nature by virtue of the giving of the mortgage by Theodore M. Shelton and Lizzie M. Shelton to the said Mary Thomson and her assignors, and the said mortgage so given by Theodore M. Shelton and Lizzie M. Shelton to said Mary Thomson and her assignors has been fully paid, and in all things discharged, by reason of the facts hereinbefore found.

It may be truly said that the facts in the case relative to the branch of it drawn into consideration by this appeal were undisputed or not conflicting, but it is also true that they were of such a nature that honest, impartial minds might fairly draw from them differing inferences or conclusions. Where such a condition is presented the question to be determined is not one of law for the court, but one of fact for the examination and determination of the trier of the facts. (*Reid v. Kellogg,* 67 N. W. Rep. [S. Dak.], 687.) The question herein was not whether the Western Farm Mortgage Trust Company

was the agent in fact of the plaintiff for the collection of the amount due on the bond and mortgage, but did it have ostensible authority to collect the money? "Ostensible authority is such as a principal intentionally, or by want of ordinary care, causes or allows a third person to believe the agent to possess." (*Quinn v. Dresbach*, 16 Pac. Rep. [Cal.], 762; citing 1 Parsons, Contracts, sec. 44; *Kasson v. Noltner*, 43 Wis., 650.) We think a fair deduction might be made from the evidence that, relatively to the rights of the plaintiff and the other parties herein concerned in respect to the collection of the sum due on the bond and mortgage, the Western Farm Mortgage Trust Company had ostensible authority to receive the money. This being true, it was a matter of fact to be settled by the judge who tried the case, and as there is sufficient evidence to sustain the finding on this point it will not be disturbed.

We have not ignored the fact that the bond and mortgage were not in the possession of the Western Farm Mortgage Trust Company at the time it received the money, nor have we forgotten the rule that "a party who pays money to another to be applied on a note which such person has not in his possession, assumes the burden of proof to show the authority of the person to whom payment is made to receive the money." (*South Branch Lumber Co. v. Littlejohn*, 31 Neb., 606; *Bull v. Mitchell*, 47 Neb., 647; *Richards v. Waller*, 49 Neb., 639.) That the bond and mortgage were not in the hands of the mortgage and trust company when it collected the amount due on them, was not conclusive of the question of agency, but was a matter of evidence to be weighed and considered in connection with all the facts and circumstances in evidence. (*Quinn v. Dresbach, supra.*) It follows that the decree of the district court will be, and is,

AFFIRMED.