CITY MISSIONARY SOCIETY, APPELLANT, V. ANDREW J. REAMS ET AL., APPELLEES.

FILED APRIL 21, 1897.   No. 7159.

Mortgages: AUTHORITY OF AGENT RECEIVING PAYMENT. Evidence *held* not to show that one to whom a mortgage debt was paid was the agent of the owner and holder.

APPEAL from the district court of Franklin county. Heard below before BEALL, J.   *Reversed.*

*James McNeny*, for appellant.

*E. A. Fletcher* and *A. H. Kidd, contra.*

NORVAL, J.

On the 5th day of December, 1885, Andrew J. Reams and wife borrowed $300 from James H. Tallman of Hartford, Connecticut, through the Nebraska & Kansas Farm Loan Company of Red Cloud, this state, and gave their negotiable promissory note to said Tallman for said sum, due in five years, with interest coupons attached, both principal and interest being made payable at the Mechanics Savings Bank of Hartford. To secure the payment of said note and coupons the Reams at the same time executed and delivered a mortgage on the northwest quarter of section 22, township 1 north, in range 14 west, in Franklin county, which was duly recorded. The note and mortgage, soon after their date, were in the regular course of business sold and transferred for value to the City Missionary Society of Hartford, the plaintiff herein. The Reams paid the first two coupons falling due to the Nebraska & Kansas Farm Loan Company, who forwarded the money to George W. Moore & Co., a firm of loan brokers at Hartford, and of which said Tallman was a member, and the last named firm paid the money to plaintiff, took up the coupons and forwarded the same to the Nebraska & Kansas Farm Loan Company, who delivered them to the makers. On the 4th day of October, 1890, for the purpose of paying off said note and mortgage, the Reams gave their negotiable promissory note for $350 to the said Nebraska & Kansas Farm Loan Company, due October 1, 1895, and at the same time to secure the payment thereof executed and delivered to said company a mortgage upon the real estate above described. The note and mortgage were sold and assigned to the defendant Samuel Slocum. This was an action to foreclose the mortgage first above described, the defense being payment. The defendant Slocum also filed a cross-petition setting up his mortgage and praying a foreclosure of the same. Upon the trial in the court below a decree was entered favorable to Slocum, and foreclosure was refused plaintiff, from which it appeals.

The sole question relates to the sufficiency of the evidence to sustain the finding of the trial court that the mortgage debt had been paid.   The facts developed by the record in every essential particular are substantially identical with those in the case of *Richards v. Waller*, 49 Neb., 639, wherein it was held the proofs failed to show that the one to whom the mortgagor paid the debt was the agent of the owner and holder.   With that conclusion we are content.   Payment in the case at bar was not made to the plaintiff, the owner of the note and mortgage, nor to a person who had possession of them; hence it was for the defendants to establish by the proofs that the party to whom they made payment was empowered, or possessed ostensible authority, to collect the money.   As to this there was a total lack of evidence, and the case is accordingly distinguishable from *Thomas v. Shelton*, 49 Neb., 644, cited by defendants, where payment of a mortgage debt to one possessing ostensible authority to act as agent of the owner, was sustained.   The decree against plaintiff is reversed and the cause remanded with directions to the district court to enter a decree in plaintiff's favor for the amount due on the mortgage.

REVERSED AND REMANDED.