LIBRARY BOARD OF THE TOWNSHIP OF ARCADIA, VALLEY COUNTY, APPELLEE, V. JOHN OHLSEN ET AL., APPELLANTS.

FILED APRIL 10, 1923. No. 22323.

1. **Damages:** EVIDENCE: INSTRUCTION. Where there are elements of damage, such as expenditures, capable of pecuniary measurement, an instruction stating that it is not necessary that any witness should have expressed an opinion as to the amount of such damages, but the jury may themselves make such estimate from the facts and circumstances proved, and by considering them in connection with their knowledge, observation and experience in the affairs of life, is erroneous.

2. ———: MEASURE OF DAMAGES. Where a building contract has been substantially performed by a builder and accepted by the owner, subject to any defects being corrected by contractor, the measure of damages for such defects is the cost of remedying same and putting the building in such condition as was required under the plans and specifications, and any other damage the owner has sustained by reason of the defects from the time of the acceptance of the building until the same could have been remedied in the exercise of reasonable diligence.

APPEAL from the district court for Valley county: BAYARD H. PAINE, JUDGE. *Reversed.*

*Aaron Wall* and *J. S. Pedler,* for appellants.

*Davis & Davis, contra.*

Heard before MORRISSEY, C. J., DAY and ALDRICH, JJ., BUTTON and BEGLEY, District Judges.

BEGLEY, District Judge.

This is an action brought by plaintiff to recover damages claimed because of the failure of defendants to properly construct a certain library building in Arcadia, Nebraska, in accordance with the contract and plans and specifications. Plaintiff recovered a verdict by jury, and from the judgment thereon defendants have appealed.

Plaintiff contended that the building was not constructed according to plans and specifications, nor in a workmanlike manner, in that the roof and gutters were not water-tight and the walls, cornices, windows and doors were improperly constructed, without necessary flashings, which permitted the water to come in and damage the building. Defendants admitted the building leaked, but alleged that same was not the fault of material or workmanship, but caused by defective plans, directions and supervision of the architects, who were the agents and superintendents directing and supervising the construction of said building.

Appellants complain of the giving of instruction No. 12 by the court as follows:

"The court instructs the jury that, in case they should come to the question of damages on the issues joined under the instructions of the court, then to enable the jury to estimate the amount of damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damages, but the jury may themselves make such estimate from the facts and circumstances proved, and by considering them in con-

nection with your knowledge, observation and experience in the affairs of life."

This instruction seems to have first been given in the case of *North Chicago Street R. Co. v. Fitzgibbons,* 180 Ill. 466; a personal injury case where pain and suffering were elements of damage and incapable of pecuniary measurement, and the court was careful to point this out in approving the instruction as follows:

"Where there are elements of damage, such as expenditures, capable of pecuniary measurement, the law requires the amount shall be proved. But there are other elements in this case which are not capable of exact measurement."

The Illinois court in subsequent cases has been equally careful in limiting this sort of instruction except in personal injury cases where the damages were physical pain, suffering and inconvenience suffered or to be suffered in the future in consequence of an injury incapable of pecuniary measurement. *Hatcher v. Quincy Horse Railway & Carrying Co.,* 181 Ill. App. 30; *Barton v. Southwick,* 185 Ill. App. 24; *Harley v. Aurora, E. & C. R. Co.,* 149 Ill. App. 339; *Moore v. Aurora, E. & C. R. Co.,* 150 Ill. App. 484; *Lyman v. Chicago City R. Co.,* 176 Ill. App. 30. A similar instruction was held reversible error in a personal injury case in *Chicago, B. & Q. R. Co. v. Krayenbuhl,* 65 Neb. 889.

In this case the elements of damage were capable of exact measurement and proof, and it was therefore error to give the above instruction. This was the only instruction given on the measure of damages, and the only proof of damage offered was that it would require $180 to put in a new gutter and 60 cents a yard to replaster the building, but there was no proof of how much plaster would be required. The burden of proof is on the plaintiff to prove the amount of its damage on the several items alleged in the petition, or there can be no recovery thereon. *Fitts & Co. v. Reinhart,* 102 Ia. 311.

The contract was substantially performed by the builder and the building was accepted by the plaintiff, subject only to the guaranty contained in the contract that the roof should be perfectly water-tight, and that the contractor was to correct all defects discovered within a reasonable time, unless same was shown to be no fault of the material or workmanship, and $50 was retained as damages for discoloration of the walls at time of acceptance.

It would seem that the measure of damages would be the cost of remedying the defects and putting the building in such condition as was required under the plans and specifications, together with such other damage as plaintiff has sustained by reason of the defects from the time of the acceptance of said building until such time as same could have been remedied by plaintiff in the exercise of reasonable diligence.

Other errors are alleged, but as a new trial must be had, they will not be considered.

For the foregoing reasons, the judgment of the district court is

REVERSED.