WALTER L. GRAHAM, APPELLANT, v. SARAH A. ANDERSON ET AL., APPELLEES.

FILED OCTOBER 16, 1931. No. 27841.

*Sterling F. Mutz* and *Edward C. Fisher,* for appellant.

*John J. Ledwith, H. N. Mattley, George I. Craven* and *J. Jay Marx, contra.*

' Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is a suit in equity to foreclose a mechanic's lien. Walter L. Graham, plaintiff, entered into a written contract with Sarah A. Anderson, defendant, to construct for her a dwelling-house on a farm near College View. The contract price for the construction of the completed building according to specifications was $3,250. Defendant agreed to pay $1,625 when the house was sheathed and roofed and $1,625 when completed. The first instalment was paid. Defendant resided in California and sent to her tenants on the farm a draft for $1,625 to pay the last instalment when due. The tenants refused to deliver the draft to plaintiff and he filed a mechanic's lien for $1,625 against the improved premises. Foreclosure of this lien is the relief sought. In the petition plaintiff alleged substantial performance of the contract on his part and failure of defendant to pay the second instalment.

In an answer and a cross-petition defendant alleged in substance that plaintiff, in violation of the contract, failed to complete the house according to specifications and that he also breached his agreement to protect her from liens

for materials and labor. Particular instances in which plaintiff is alleged to have departed from specifications in material respects are pleaded at length in the cross-petition, which contains a prayer for cancelation of plaintiff's lien, for a dismissal of the suit, and for $750 in damages. A reply to the answer and cross-petition of defendant contained a general denial.

R. G. Hart, a subcontractor, pleaded an unsatisfied mechanic's lien for $135.20 and prayed for a foreclosure thereof. The validity of Hart's lien was challenged by a reply to his petition.

Upon a trial of the cause the district court, after having viewed the premises, found that defendant was damaged by plaintiff in the sum of $485 on account of defective materials and unskilful workmanship; that there was due Hart for materials and labor a balance of $91.02; that the sum of these two items, or $576.02, should be deducted from the claim of plaintiff for $1,625, leaving due him a balance of $1,048.98. From a decree foreclosing the lien of plaintiff to the extent of $1,048.98 only, he appealed.

Under the building contract plaintiff constructed a dwelling-house, but the evidence shows conclusively that, in some essential particulars relating to materials and workmanship, he did not comply with specifications. Defendant did not accept the building with its defects or waive full performance on the part of the contractor. In this situation the measure of plaintiff's recovery is the agreed price, less the damages resulting from the failure to fully comply with the contract. See annotations and cases cited in 23 A. L. R. 1435. What measure of damages for defects should be adopted is the controlling question presented by the appeal. There is a generally accepted rule applicable to building contracts that, where defects in materials, construction or workmanship are remediable without materially injuring or reconstructing any substantial portion of the building, the damage which the owner is entitled to recover is the expense of making the work conform to contractual requirements. See 23 A. L. R. 1436; 65 A. L. R. 1298. This rule has been recognized in

*Library Board v. Ohlsen,* 110 Neb. 146. The principle stated is now invoked by plaintiff, who argues that he substantially performed his contract; that the evidence fails to prove that the necessary expense of remedying defects exceeded $185; that consequently the damages allowed by the district court are excessive and erroneous.

There is, however, another generally accepted rule to the effect that, where a contractor's violations of a building contract result in defects which cannot be remedied without reconstruction of, or material injury to, a substantial portion of the building, the measure of the owner's damages is the difference between its value when constructed and what its value would have been if built according to contract. Cases so holding are collected in 23 A. L. R. 1438. This is in harmony with the view expressed in *Lincoln Stone & Supply Co. v. Ludwig,* 94 Neb. 722. There is no conflict between the two lines of decisions. Each rule is enforceable under any state of facts to which it applies.

In the case at bar the building contract required plaintiff to comply with the following specification:

"There is to be a girder consisting of three 2 by 10 spiked together tightly. The girder runs from the front of the house to the rear wall and is supported by three 6 by 6 posts."

A proper deduction from the evidence is that plaintiff, instead of furnishing the girder specified, deliberately used 2 by 8 planks. The girder is a substantial part of the structure. It supports floors and the building itself. To make the defective construction conform to the specific requirement of the contract would require temporary shoring in place of a girder, removal of the defective girder, substitution of a new one and the necessary skilled labor. Such a change would obviously endanger work already completed. Defendant was entitled to performance. Plaintiff was not at liberty to substitute his own judgment for the material specification quoted. The record disclosed other departures from requirements of the contract. The case properly falls within the rule that the measure of the owner's damages is the difference between the value of the

building when constructed and what its value would have been if built according to contract. On this theory of the case the evidence tends to prove more damages than the trial court allowed. Defendant did not appeal, however, and her credits for $485 and for $91.02 will not be disturbed; Hart's lien being free from error.

In the judgment below the costs are taxed to plaintiff and this is challenged as inequitable. The claim of plaintiff was excessive. Sarah A. Anderson, defendant, demanded too much. Both unnecessarily incumbered the record. Each was entitled to substantial relief, which was granted. It seems equitable under the circumstances to require each to pay half the costs in each court and to that extent the judgment below is modified. Otherwise it is sustained.

AFFIRMED EXCEPT AS TO COSTS.