CLARENCE G. BLISS, RECEIVER, FARMERS & MERCHANTS BANK OF WESTON, APPELLANT, V. WILLIAM FALKE ET AL., APPELLEES.

FILED OCTOBER 11, 1933. No. 28598.

*F. C. Radke, Barlow Nye, Joe F. Berggren* and *G. E. Price,* for appellant.

*H. A. Bryant, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

SHEPHERD, District Judge.

This is an appeal from the decision of the district court

sitting in Kimball county which found for the defendant and dismissed the action. There is but one question in this case. Did the Farmers & Merchants Bank of Weston and the State Bank of Swedeburg authorize Frank J. Kirchman to collect their Falke mortgages and to receive the cash therefor?

Falke owned a half section of land in Kimball county, Nebraska, the east half of section 18, township 14, north, range 55, west of the 6th p. m. He mortgaged this land to the Nebraska State Savings Bank of Wahoo for approximately $6,800. The bank sold half the mortgage to the Farmers & Merchants Bank of Weston, and half of it to the State Bank of Swedeburg. The mortgage became due on the 1st day of January, 1928, and was renewed through the said Savings Bank or through Kirchman, its president. Two mortgages were made in this renewal, one of $3,400 on the south half of the land to the Swedeburg bank, and one of $3,400 to the Farmers' & Merchants Bank of Weston covering the whole half section, but subject to the Swedeburg bank's mortgage on the southeast quarter. These mortgages are the ones in question. About the time they became due, January 1, 1930, the banks notified Kirchman, who had been the go-between of the parties in the said renewal and also in the collection of interest and in the preparation of papers and who was also a stockholder of both of the banks, that they desired payment. Kirchman notified Falke and suggested that he get the money from the defendant Otto, giving him a mortgage on the land to secure the same, and pay off the banks. He did so and placed the money in Kirchman's hands for that purpose. The record shows, we think, that he borrowed the whole or major portion of it from the Nebraska State Savings Bank of Wahoo. This he did, believing that Kirchman was duly authorized to collect and receive. Kirchman did not account to the bank but reloaned and used the money for other purposes.

The banks failed and their receiver, the plaintiff in this

action, finding the described mortgages among the assets and that the same were unreleased of record, took the ground that Kirchman was not an authorized agent for collection and began this foreclosure.

Certainly, if Kirchman had not been made an agent to collect and was unauthorized to receive the money, the receiver was not bound by what he did and may foreclose and sell the land to discharge the two mortgage debts.

On the other hand, the fact that Kirchman did not have the mortgages in his possession when he collected the money is not sufficient to prove that he was unauthorized to receive it and to bind the bank by so doing. Lack of possession, to be sure, is a circumstance to be considered and Falke took some risk in paying without requiring a release or an authorization in writing showing Kirchman's agency. *Thomson v. Shelton,* 49 Neb. 644.

Agency may of course be established by parol or verbal authorization. In defending against the foreclosure Mr. Otto, who was made a party defendant, undertook to show authority and agency by this means. He produced upon trial the testimony of the said Kirchman, of Frans Johnson, the cashier of the Swedeburg bank, and Ferdinand Pacal, cashier of the Farmers & Merchants Bank of Weston, all tending to show that Kirchman was duly authorized to collect and receive the cash as the agent of these banks. The trial court evidently believed their testimony in this regard and upon due consideration of the same found that Kirchman was an agent for collection and entered a decree adjudging that the mortgages had been fully paid, canceling said mortgages and dismissing the case.

The fact that the banks never received their money, the fact that Kirchman never accounted for the money paid, the fact that the rights of innocent depositors are involved, is not material if Kirchman was authorized to collect and receive. Kirchman may have been guilty of breach of trust, but that cannot be chargeable to Falke or to Otto if they were not parties to it; and there is no evidence of the latter.

The one question, therefore, is the question of agency. And upon careful examination of the bill of exceptions this court is of the opinion, not only that the trial court was justified in his finding, but that no other finding could properly have been made.

The facts of the record are well-nigh sufficient to show that Kirchman was a general agent of the banks in connection with these mortgages, not only in drawing the mortgages, collecting interest, conducting all of the negotiations before and after with the mortgagor but in notifying the latter that the mortgages would not be renewed and collecting the same when they fell due. But express authority in regard to collection was specifically given him by the cashiers and managers in conversations over the telephone and otherwise. Pacal testified: "Q. You expected Kirchman to see Bill Falke and get the money on these exhibits 1 and 2? A. Yes, sir." Johnson testified: "Q. You wanted Mr. Kirchman to go to him and get the money, didn't you? A. I wanted—Kirchman was handling the loan, and naturally he was the—Mr. Falke was arranging for a loan and now that was the only way he could get it. Q. You wanted Mr. Kirchman to look after it, didn't you? A. Yes. * * * Q. You did want Kirchman to get the money out of this man Falke? A. Yes, sir; I wanted the money paid." And Kirchman testified: "Q. Isn't it a fact, Mr. Kirchman, that both of these cashiers told you to get the money on these Falke notes? A. Well, I think I answered it Mr. Bryant. Q. Well, answer it again. A. Oh, you want to have it cinched, do you? Yes; that's true." Not only was the testimony of these three men to this effect, but the whole of the evidence confirms the conclusion that Kirchman was authorized to receive the money on these mortgages as the banks' agent; and no facts or circumstances in the record seriously militate against this conclusion.

No mistake was made by the district court in its finding and decree and the judgment must be affirmed.

AFFIRMED.