PETER JACOBS, JR., ET AL., APPELLEES, V. ERWIN C. KORST, ALSO KNOWN AS E. C. KORST, APPELLANT.

122 N. W. 2d 760

Filed July 19, 1963. No. 35270.

Ginsburg, Rosenberg & Ginsburg and Norman Krivosha, for appellant.

Muffly & Snyder, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an action at law to recover damages brought by Peter Jacobs, Jr., and Vinona Jacobs, husband and wife, plaintiffs, against Erwin C. Korst, also known as E. C. Korst, defendant, for breach of warranty arising out of an agreement entered into on May 22, 1959, between the plaintiffs and the defendant. The plaintiffs claimed damages in an amount equal to the cost of placing the house purchased by them in the same condition as was represented and warranted by the defendant. The case was tried to a jury, resulting in a verdict in favor of the plaintiffs in the amount of $1,725. Judgment was rendered on the verdict and the defendant appeals.

The evidence shows that plaintiffs entered into a written agreement with the defendant to purchase the house in question, and they have carried out their part of the agreement. They allege that defendant represented and warranted that he would "Stand behind All Workman Ship & Materials for 1 year from this Date." Plaintiffs allege that the quoted language was written into the contract of sale at the time of the closing of the sale of the house.

The house is of brick veneer construction, and at the time of entering into the contract plaintiffs testified that it appeared to be as represented and warranted. About 3 months after moving into the house plaintiffs discovered cracks in the bricks. The condition increased until 50 percent of the bricks had cracked. The bricks

were alleged to be of inferior quality and their replacement necessary to make the house as represented and warranted. In addition to the replacement of the bricks, there was painting, caulking, and carpentry work to be done, including the replacement of two doors.

The defendant admits selling the house to the plaintiffs but alleges that plaintiffs purchased the house after personal examination and not in reliance on anything defendant may have said or done. Defendant admits that the bricks used contained hairline cracks before they were used in the construction of the house, and contends that the cracks were apparent and should have been observed by plaintiffs. Defendant further contends that the cracks in the bricks in no way affect the livability, use, or value of the house and result in no damage to the premises.

The defendant was an experienced contractor and builder. According to his testimony he purchased the bricks containing hairline cracks for $55 per thousand, when bricks ordinarily used would cost $95 per thousand. He testified that he was required to use these bricks to meet competition in the immediate area. Defendant did not inform plaintiffs of the use of the cracked bricks, but asserts that Jacobs examined the construction carefully and knew or should have known of their use.

The evidence is sufficient to sustain the jury's finding that the house was not as represented or warranted. The evidence as to the cost of replacing the bricks and doing the other work testified to as being necessary is sufficient to sustain the verdict for $1,725. No contention is made that it does not.

The issue raised by this appeal is whether or not the jury was properly instructed on the measure of damages. The trial court instructed as follows on this point in instruction No. 6: "You are instructed that should you find for the plaintiffs under the evidence and the law as given you in these instructions, you will permit

them to recover the fair and reasonable cost of placing the house in substantially the same condition as it was represented and warranted to be in, if any, at the time the agreement was executed."

The trial court, contrary to an instruction requested by the defendant, refused to submit to the jury the question of whether or not the defects, if any, could be remedied with or without substantial reconstruction or material injury to the building. Defendant contends this was error.

The plaintiffs pleaded a breach of warranty and representations made in a contract for the sale of a residence property. They sought damages for the amount of money it would take to put the house in the condition in which it was represented and warranted. The measure of damages pleaded by plaintiffs was not objected to by motion. The defendant denied generally and alleged further that plaintiffs purchased the house after personal inspections thereof and that they knew or should have known of the alleged defects. Defendant denied that plaintiffs were in anywise damaged.

The state of the pleadings and the evidence adduced show that the case was tried on the measure of damages pleaded by the plaintiffs and submitted to the jury by the trial court. The defendant testified at one stage of the trial that the removal of the bricks would cause practically a full reconstruction of the house. No evidence was produced by either party as to the value of the house when it was sold and what its value would have been if it had been as represented.

After the case was tried on the theory of the plaintiffs and the measure of damages pleaded by them, the defendant offered an instruction requesting that the court submit the issue as to whether or not the house could be remedied with or without substantial reconstruction or material injury to the building.

We think the issue is controlled by a line of cases holding that when a case is tried on a certain theory as

to the measure of damages, it is proper for the trial court to instruct on that theory, although such measure of damages may not be the correct one. In Welch v. Reeves, 142 Neb. 171, 5 N. W. 2d 275, a case similar in principle, this court said: "Did plaintiffs' evidence sustain the damages recovered? The only evidence indicating the value of the property is the purchase price. There is no evidence fixing the actual value of the property at the time of the conveyance. That it had a material value is certain. Neither is there evidence as to its value had it been as represented. However, it must be noted that plaintiffs pleaded their case on the theory that their damages were the amount of the cost of placing the property in the condition in which it was represented to be. Defendants did not challenge the sufficiency of the petition by demurrer, but rather joined issue with the plaintiffs on that theory of arriving at the damages. * * * It has long been the rule of this court that, when a certain theory as to the measure of damages is relied upon by the parties in the trial court as the proper one, it will be adhered to on appeal whether it is correct or not." See, also, Haarberg v. Schneider, 174 Neb. 334, 117 N. W. 2d 796; Baum v. County of Scotts Bluff, 169 Neb. 816, 101 N. W. 2d 455.

For the reasons stated, the judgment of the district court is affirmed.

AFFIRMED.

MESSMORE, J., dissenting.

I respectfully dissent from the majority opinion for the following reasons.

The defendant predicates error on the part of the trial court in failing to instruct the jury on his theory of the case, and in failing to submit to the jury as a question of fact whether the alleged defects could be corrected and whether the correction of such defects would result in material injury to or substantial reconstruction of the premises.

The defendant tendered an instruction on his theory

of the measure of damages he deemed applicable to this case under the evidence adduced.

The following are pertinent, relating to the measure of damages, whether it be a building contract or an agreement to purchase.

The measure of damages proper in a case of this nature is twofold, as pointed out in the case of Jones v. Elliott, 172 Neb. 96, 108 N. W. 2d 742, wherein this court said, quoting from Graham v. Anderson, 121 Neb. 733, 238 N. W. 362: " 'There is a generally accepted rule applicable to building contracts that, where defects in materials, construction or workmanship are remediable without materially injuring or reconstructing any substantial portion of the building, the damage which the owner is entitled to recover is the expense of making the work conform to contractual requirements. See 23 A. L. R. 1436; 65 A. L. R. 1298. This rule has been recognized in Library Board v. Ohlsen, 110 Neb. 146. * * *

" 'There is, however, another generally accepted rule to the effect that, where a contractor's violations of a building contract result in defects which cannot be remedied without reconstruction of, or material injury to, a substantial portion of the building, the measure of the owner's damages is the difference between its value when constructed and what its value would have been if built according to contract.' "

The trial court, contrary to defendant's requested instruction No. 6, refused to submit to the jury the question of whether or not the defects, if any, could be remedied with or without substantial reconstruction or material injury to the building. This was a question for the jury to determine. If the jury determined as a matter of fact that the defects could be remedied without substantial injury to or material reconstruction of a substantial portion of the building, then the rule of damages first set forth in Jones v. Elliott, *supra*, would apply. If, on the other hand, the jury determined as a matter of fact that the defects alleged and proved were of such

nature that correction of them would result in material injury to or reconstruction of a subsantial portion of the building, then the second rule set forth in Jones v. Elliott, *supra*, would apply.

It is error for the court to give an instruction which assumes as established a disputed question of fact. It is for the jury alone to pass upon conflicting evidence. Willman v. Sandman, 101 Neb. 92, 162 N. W. 419. See, also, Howe v. Provident Loan & Investment Co., 130 Neb. 469, 265 N. W. 255.

In Springer v. Henthorn, 169 Neb. 578, 100 N. W. 2d 521, this court said: "A jury should be fully and fairly informed as to the various items of damages which it should take into consideration in arriving at its verdict. In this respect it is the duty of the trial court to instruct as to the proper basis upon which damages are to be assessed for each such item."

The failure of the trial court to permit the jury to make a determination as to which measure of damages should be invoked deprived the defendant of a fair trial and constituted reversible error. I would reverse the judgment of the trial court and remand the cause for a new trial.

I am authorized to state that Judge Yeager and Judge Brower concur in this dissent.